**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FAMILY HOME PROVIDERS, INC.**<br>    **6030 Bethelview Road**<br>    **Suite 202**<br>    **Cumming, GA  30040,**<br><br>            **Plaintiff,**<br><br>        **v.**<br><br>**INTERNAL REVENUE SERVICE**<br>    **1111 Constitution Avenue, N.W.**<br>    **Washington, DC  20224,**<br><br>            **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civ. No. _____**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(Petition for Declaratory Judgment)**

Pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201, Plaintiff, Family Home Providers, Inc., hereby petitions the court for a declaratory judgment that it is and has been exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3), and further states as follows:

**Parties**

1.      Plaintiff, Family Home Providers, Inc., is a Georgia non-profit corporation. Plaintiff's principal office is at 6030 Bethelview Road, Suite 202, Cumming, Georgia 30040. Plaintiff's taxpayer identification number is 58-2200391.

2.    Defendant, Internal Revenue Service, is a federal bureau within the United States Department of the Treasury.

### Jurisdiction and Venue

3.    This court has jurisdiction over this matter pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201.

4.    Venue is properly laid in this District pursuant to 26 U.S.C. Section 7428(a).

5.    Plaintiff has exhausted its administrative remedies with the Internal Revenue Service within the meaning of 26 U.S.C. Section 7428(b)(2).

### Statement of Facts

6.    Plaintiff's By-Laws state that it was organized exclusively for charitable purposes within the meaning of 26 U.S.C. Section 501(c)(3). Plaintiff's Articles of Incorporation state that it will accomplish its charitable purpose by providing housing to low- and moderate-income families through programs sponsored by the United States Department of Housing and Urban Development ("HUD").

7.    Plaintiff submitted Internal Revenue Service Form 1023 (Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code) (Plaintiff's "Application") and subsequently received a determination letter (the "Determination Letter") from Paul M. Harrington, District Director, Internal Revenue Service, 401 West Peachtree Street, NW, Atlanta, Georgia, 30365-0000, dated February 22, 1996, which recognized that Plaintiff is exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3), effective November 1, 1995. A copy of the Determination Letter is attached and marked as Exhibit A.

2

8.      Plaintiff's Application stated that it would participate in the HUD property revitalization program, which allows non-profit organizations to purchase HUD-owned properties at a discount, such that the non-profit organizations can rehabilitate the properties if necessary and then resell them to low- and moderate-income families at a reduced price. Plaintiff participated in the HUD property revitalization program until May of 2001.

9.      Plaintiff received a subsequent letter (the "Subsequent Letter") from Steven T. Miller, Director, Exempt Organizations, Internal Revenue Service, P.O. Box 2508, Cincinnati, Ohio, 45201, dated May 10, 2000, modifying the Determination Letter. The Subsequent Letter stated that Plaintiff's status under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3) remained in effect. The Subsequent Letter also determined that Plaintiff was not a private foundation within the meaning of 26 U.S.C. Section 509(a) because Plaintiff was as an organization of the type described in 26 U.S.C. Section 509(a)(2). A copy of the Subsequent Letter is attached and marked as Exhibit B.

10.     Plaintiff received a letter (the "HUD Letter") from Gayle Knowlson, Director, Program Support Division, Atlanta Homeownership Center, United States Department of Housing and Urban Development, 75 Spring Street, S.W., Atlanta, Georgia 30303-3388, dated March 1, 1999. The HUD Letter stated that Plaintiff was approved to provide down payment assistance to low- and moderate-income families to purchase homes financed by loans originated by the Federal Housing Administration of HUD (the "FHA") pursuant to the HUD gift fund program (the "Gift Fund Program"). A copy of the HUD Letter is attached and marked as Exhibit C. Plaintiff continues to participate in the Gift Fund Program.

11.     Plaintiff has complied with all applicable return filing, reporting, and recordkeeping requirements, including the timely filing of Internal Revenue Service Forms 990

(Return of Organization Exempt from Income Tax) for all taxable years. Plaintiff's timely filed Internal Revenue Service Forms 990 (Return of Organization Exempt from Income Tax) for the taxable year 1999 disclosed Plaintiff's participation in the new activity of making grants to individuals who are qualified by the FHA under FHA guidelines for the down payment on the purchase of a home. Plaintiff's Forms 990 for the taxable years 2000 through 2006 have consistently disclosed Plaintiff's participation in a down payment assistance program. Plaintiff has received an extension of time to file its Form 990 for its 2007 taxable year and intends to do so on or before August 15, 2008.

12.     Defendant, Internal Revenue Service, performed an examination of Plaintiff's Internal Revenue Service Form 990 (Return of Organization Exempt from Income Tax) for the 2001 taxable year. Plaintiff received a letter (the "No Change Letter") from R.C. Johnson, Director, Exempt Organizations, Internal Revenue Service, TE/GE EO Examinations, 1100 Commerce Street, Dallas, Texas 75242, dated January 6, 2005. The No Change Letter stated that the Internal Revenue Service's examination determined that the Plaintiff continued to qualify as exempt from federal income tax. A copy of the No Change Letter is attached and marked as Exhibit D.

13.     Plaintiff received an examination report (the "Examination Report") from Marsha Ramirez, Director, Exempt Organizations, Internal Revenue Service, TE/GE EO Examinations, 1100 Commerce Street, Dallas, Texas 75242, dated February 21, 2006. The Examination Report proposed revoking Plaintiff's tax-exempt status under 26 U.S.C. Section 501(c)(3).

14.     Plaintiff timely filed an appeal on March 20, 2006, protesting the conclusions of the Examination Report.

15.    Plaintiff received a final adverse determination letter (the "Notice of Revocation") from Charles Fisher, Team Manager, Appeals Office, Internal Revenue Service, 4050 Alpha Road, Suite 517, Dallas, Texas 75244, dated April 30, 2008. A copy of the Notice of Revocation is attached and marked as Exhibit E.

16.    The Notice of Revocation stated that the Plaintiff did not qualify as exempt from federal income tax under 26 U.S.C. Section 501(c)(3) effective November 1, 1995. The Notice of Revocation indicated that Plaintiff was required to file Internal Revenue Service Forms 1120 (U.S. Corporation Income Tax Return) for the taxable years 2004 through 2006.

17.    Defendant's Notice of Revocation is erroneous because Plaintiff: (a) is organized and operated exclusively for charitable purposes including, but not limited to, lessening the burdens of government; (b) no part of Plaintiff's net earnings inures to the benefit of any private shareholder or individual; (c) no substantial part of Plaintiff's activities consists of carrying on propaganda, or otherwise attempting, to influence legislation; and (d) Plaintiff does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

18.    Since November 1, 1995, Plaintiff has and will continue to operate as an organization described in 26 U.S.C. Section 501(c)(3).

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

(a)    issue a declaratory judgment pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201 that Plaintiff is and has been exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3);

(b)    award Plaintiff its reasonable attorneys fees and costs in bringing this action; and

(c)    award any necessary and further relief as the Court deems just and appropriate.

Respectfully submitted,

Shane T. Hamilton
D.C. Bar No. 459320

Shane T. Hamilton
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Tel. (202) 626-5873
Fax (202) 626-5801
shamilton@milchev.com

Attorney for Plaintiff

INTERNAL REVENUE SERVICE                    DEPARTMENT OF THE TREASURY
DISTRICT DIRECTOR
401 W. PEACHTREE ST, NW
ATLANTA, GA   30365-0000

                                        Employer Identification Number:
Date: FEB 22, 1996                          58-2200391
                                        Case Number:
                                            585360000
FAMILY HOME PROVIDERS INC               Contact Person:
 C/O FRED C PROCTOR JR                      JAMES ST. JULIEN
1520 VICTORIA CHASE                     Contact Telephone Number:
CUMMING, GA  30131                          (404) 331-0171
                                        Accounting Period Ending:
                                            December 31
                                        Foundation Status Classification:
                                            509(a) (2)
                                        Advance Ruling Period Begins:
                                            November 1, 1995
                                        Advance Ruling Period Ends:
                                            December 31, 1999
                                        Addendum Applies:
                                            Yes


Dear Applicant:

        Based on your information you supplied, and assuming your operations
will be as stated in your application for recognition of exemption, we have
determined you are exempt from federal income tax under section 501(a) of
the Internal Revenue Code as an organization described in section
501(c)(3).

        Because you are a newly created organization, we are not now making a
final determination of your foundation status under section 509 (a) of the
Code.  However, we have determined that you can reasonably expect to be a
publicly supported organization described in section 509(a)(2).

        Accordingly, during an advance ruling period you will be treated as a
publicly supported organization, and not as a private foundation.  This
advance ruling period begins and ends on the dates shown above.

        Within 90 days after the end of your advance ruling period, you must
send us the information needed to determine whether you have met the
requirements of the applicable support test during the advance ruling
period.  If you have established that you have been a publicly supported
organization, classify you as a section 509(a)(1) or 509(a)(2) organization
as long as you continue to meet the requirements of the applicable support
test.  If you do not meet the public support requirements during the
advance ruling period, we will classify you as a private foundation for
future periods.  Also, if we classify you as a private foundation, we will
treat you as a private foundation from your beginning date for purposes of
section 507(d) and 4940.

        Grantors and contributors may rely on our determination that you are
not a private foundation until 90 days after the end of your advance ruling
period.  If you send us the required information within the 90 days,
grantors and contributors may continue to rely on the advance determination
until we make a final determination of your foundation status.

        If we publish a notice in the Internal Revenue Bulletin stating that


                                                    Letter 1045 (DO/CG)

-2-

FAMILY HOME PROVIDERS INC

we will no longer treat you as a publicly supported organization, grantors and contributors may not rely on this determination after the date we publish the notice.  In addition, if you lose your status as a publicly supported organization, and a grantor or contributor was responsible for, or was aware of, the act or failure to act, that resulted in your loss of such status, that person may not rely on this determination from the date of the act or failure to act.  Also, if a grantor or contributor learned that we had given notice that you would be removed from classification as a publicly supported organization, then that person may not rely on this determination as of the date he or she acquired such knowledge.

If you change your sources of support, your purposes, character, or method of operation, please let us know so we can consider the effect of the change on your exempt status and foundation status.  If you amend your organizational document or bylaws, please send us a copy of the amended document or bylaws.  Also, let us know all changes in your name or address.

As of January 1, 1984, you are liable for social security taxes under the Federal Insurance Contributors Act on amounts of $100 or more you pay to each of your employees during a calendar year.  You are not liable for the tax imposed under the Federal Unemployment Tax Act (FUTA).

Organizations that are not private foundations are not subject to the private foundation excise taxes under Chapter 42 of the Internal Revenue Code.  However, you are not automatically exempt from other federal excise taxes.  If you have any questions about excise, employment, or other federal taxes, please let us know.

Donors may deduct contributions to you as provided in section 170 of the Internal Revenue Code.  Bequests, legacies, devises, transfers, or gifts to you of for your use are deductible for Federal estate and gift tax purposes if they meet the applicable provisions of sections 2055, 2106, and 2522 of the Code.

Donors may deduct contributions to you only to the extent that their contributions are gifts, with no consideration received.  Ticket purchases and similar payments in conjunction with fundraising events may not necessarily qualify as deductible contributions, depending on the circumstances.  Revenue Ruling 67-246, published in Cumulative Bulletin 1967-2, on page 104, gives guidelines regarding when taxpayers may deduct payments for admission to, or other participation in, fundraising activities for charity.

Contributions to you are deductible by donors beginning November 1, 1995.

You are not requires to file Form 990, Return of Organization Exempt From Income Tax, if your gross receipts each year are normally $25,000 or less.  If you receive a Form 990 package in the mail, simply attach the label provided, check the box in the heading to indicate that your annual gross receipts are normally $25,000 or less, and sign the return.

If you are required to file a return you must file it by the 15th day of the fifth month after the end of your annual accounting period.  We charge a penalty of $10 a day when a return is filed late, unless there is a reasonable cause for the delay.  However, the maximum penalty we charge

-3-

FAMILY HOME PROVIDERS INC


cannot exceed $5,000 or 5 percent of your gross receipts for the year, whichever is less.  We may also charge this penalty if a return is not complete.  So, please be sure your return is complete before you file it.

    You are not required to file federal income tax returns unless you are subject to the tax on unrelated business income under section 511 of the Code.  If you are subject to this tax, you must file an income tax return on Form 990-T, Exempt Organization Business Income Tax Return.  In this letter we are not determining whether any of your present or proposed activities are unrelated trade or business as defined in section 513 of the Code.

    You need an employer identification number even if you have no employees.  If an employer identification number was not entered on you application, we will assign a number to you and advise you of it.  Please use that number on all returns you file and in all correspondence with the Internal Revenue Service.

    If you distribute funds to individuals, you should keep case histories showing the recipients' names, addresses, purpose of awards, manner of selection, and relationship (if any) to members, officers, trustees or donors of funds to you, so that you can substantiate upon request by the Internal Revenue Service any and all distributions you made to individuals.  (Revenue Ruling 56-304, C.B 1956-2, page 306.)

    You indicated that you will not finance your activities with tax-exempt bonds or certificates of participation.  Therefore, this determination letter is based on the understanding that you will not raise funds through such financing.  In the future you wish to raise funds by either of these methods, you should request a ruling from the Internal Revenue Service, 1111 Constitution Avenue, N.W., Washington, D.C. 20224, Attn: CP:E:EOR, according to Revenue Procedure 90-4, 1990-2 I.R.B.  10.

    If we said in the heading of this letter that an addendum applies, the addendum enclosed is an integral part of this letter.

    Because this letter could help resolve any questions about your exempt status and foundation status, you should keep it in your permanent records.

    If you have any questions, please contact the person whose name and telephone number are shown in this heading of this letter

                              Sincerely yours,


                              *Paul M. Harrington*

                              District Director

Enclosure(s):
Addendum
Form 872-C

INTERNAL REVENUE SERVICE                          DEPARTMENT OF THE TREASURY
P. O. BOX 2508
CINCINNATI, OH     45201

# Date May 10, 2000

                                          Employer Identification Number: 58-
                                           2200391
                                          DLN:
                                           17053092856040
FAMILY HOME PROVIDERS INC                  Contact Person:
1520 VICTORIA CHASE CUMMING,               GREGG A TAYLOR                ID# 31366
GA 30041-7635                             Contact Telephone Number:
                                           (877) 829-5500
                                          Our Letter Dated:
                                           February 1996
                                          Addendum Applies:
                                           No

Dear Applicant:

     This modifies our letter of the above date in which we stated that you would be
treated as an organization that is not a private foundation until the
expiration of your advance ruling period.

     Your exempt status under section 501 (a) of the Internal Revenue Code as an
organization described in section 501 (c) (3) is still in effect. Based on the
information you submitted, we have determined that you are not a private foundation
within the meaning of section 509(a) of the Code because you are an organization of the
type described in section 509(a) (2).

     Grantors and contributors may rely on this determination unless the Internal
Revenue Service publishes notice to the contrary. However, if you lose your section
SO9(a) (2) status, a grantor or contributor may not rely on this determination if he or
she was in part responsible for, or was aware of, the act or failure to act, or the
substantial or material change on the part of: the organization that resulted in your
loss of such status, or if he or she acquired knowledge that the Internal Revenue
Service had given notice that you would no longer be classified as a section SO9(a) (2)
organization.

     You are required to make your annual information return, Form 990 or Form
990-EZ, available for public inspection for three years after the later of the
due date of the return or the date the return is filed. You are also required to
make available for public inspection your exemption application, any supporting
documents, and your exemption letter. Copies of these documents are also required
to be provided to any individual upon written or in person request without charge
other than reasonable fees for copying and postage. You may fulfill this
requirement by placing these documents on the Internet. Penalties may be imposed
for failure to comply with these requirements. Additional information is
available in Publication 557, Tax-Exempt Status for Your Organization, or you may
call our toll free number shown above.

     If we have indicated in the heading of this letter that an addendum applies, the
addendum enclosed is an integral part of this letter.

                                          Letter 1050
                                            (DO/CG)

-2-

FAMILY HOME PROVIDERS INC


    Because this letter could help resolve any questions about your private
foundation status, please keep it in your permanent records.

    If you have any questions, please contact the person whose name and
telephone number are shown above.

                    Sincerely yours,

                    Steven T Miller

                    -Steven-T- Mi--
                    Director, Exempt Organizations

**Letter** *1050* (DO/CG!



Atlanta Homeownership Center
75 Spring Street, S.W.
Atlanta, Georgia 30303-3388 *1-888-696-
4687/404-331-1263*
Fax 404-331-4032
(http://www.hud.gov/local/ati/atihoc.html)

March 1, 1999

Family Home Providers Inc.
Mr. Fred Proctor
1520 Victoria Chase
Cumming, Georgia 30131

Dear Mr. Proctor:

This is in response to your recent letter requesting that the Atlanta Homeownership Center approved Family Home Providers Inc., to participate in the FHA "Gift Fund Program". We have reviewed all documentation submitted by your organization and find you meet all criteria for approval.

Your organization is approved subject to the following conditions:

1) The outright gift of cash investment is received by a charitable organization, relative of the borrower, a governmental agency or public entity that has a program to provide homeownership assistance to low and moderate income families or first time home buyers.
2) The gift by the charitable organization is not considered as an inducement to purchase real estate.
3) No repayment of the gift is expected or implied to the borrower by the charitable organization.
4) The loan file must be documented with a gift letter specifying the dollar amount of the gift signed by the donor and the borrower stating no repayment is required and showing the donor's name, address, telephone number, and the relationship to the borrower.
5) The donor of the gift may not be a person or entity with an interest in the sale of the property, such as the seller, real estate agent or broker, builder, or any entity associated with the borrower of the mortgage.
6) The source of all funds from the donor must be Federal Reserve cleared funds.

We appreciate your interest in the Department of Housing and Urban Development programs and your assistance to low and moderate income home buyers.

Should you have any additional questions or concerns, please contact Yvielle Edwards-Lee, Chief, Program Support Division, Branch II at (404) 331-5001 Ext. 2706., or Boyd C. Chisholm of my staff at (404) 331-5001 Ex. 2159.

Very Sincerely yours,

*Fellece Sawyer-Coleman*

*for* Gayle Knowlson
Director, Program Support Division
Atlanta Homeownership Center

**CERTIFIED COPY**

**FRED C. PROCTOR, JR.**
**PRESIDENT**



**TAX EXEMPT AND
GOVERNMENT ENTITIES
DIVISION**

**DEPARTMENT OF THE TREASURY**
Internal Revenue Service
TE/GE EO Examinations
1100 Commerce Street
Dallas, TX 75242

January 6, 2005

Family Home Providers, Inc.
6030 Bethelview Road #202
Cumming, GA 30040

Taxpayer Identification Number:
   58-2200391
Form:
   990
Tax Year(s) Ended:
   December 31, 2001
Person to Contact/ID Number:
   Michael L. Pitts/71-00222
Contact Numbers:
   Telephone: 501-324-5328 x 266
   Fax:     501-324-5205

Dear Sir or Madam;

We are pleased to inform you that our examination for the above period(s) disclosed that your organization continues to qualify for exemption from Federal Income tax. Accordingly, we have accepted your return(s) as filed.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter. If you write, please provide a telephone number and the most convenient time to call if we need to contact you.

Thank you for your cooperation.

Sincerely,

*R. C. Johnson*

R. C. Johnson
Director, Exempt Organizations

Letter 3594 (04-2002)
Catalog Number: 34782Z

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

**Person to Contact:**
  Becky A. Griffin
  Employee ID Number: 75-08016
  Tel:  (972) 308-7496
  Fax:  (972) 308-7284

Date:  APR 3 0 2008

**Refer Reply to:**
  AP:FE:DAL:BAG
**In Re:**
  EO Revocation

Family Home Providers, Inc.
6030 Bethelview Road, Ste. 202
Cumming, Georgia 30040

**Form Required to be Filed:**
  1120
**Tax Period(s) Ended:**
  2004, 2005, 2006
**Last Day to File a Petition with the
United States Tax Court:** JUL 2 9 2008

**Certified Mail**

Dear Sir:

This is a final adverse determination as to your exempt status under section 501(c)(3) of
the Internal Revenue Code (IRC).  It is determined that you do not qualify as exempt
from Federal income tax under IRC Section 501(c)(3) effective November 1, 1995.

Our adverse determination was made for the following reason(s): A substantial part of
your activities consists of providing down payment assistance to home buyers.  To
finance the assistance, you rely on home sellers and other real-estate related
businesses that stand to benefit from these down payment assistance transactions.
Your receipt of a payment from the home seller corresponds to the amount of the down
payment assistance provided in substantially all of your down payment assistance
transactions.  The manner in which you operate demonstrates you are operated
primarily to further your insiders' business interests.  Therefore, you are operated for a
substantial nonexempt purpose.  In addition, your operations further the private interests
of the persons that finance your activities.  Accordingly, you are not operated
exclusively for exempt purposes described in section 501(c)(3).

Contributions to your organization are not deductible under Code section 170.

You are required to file Federal income tax returns on the form indicated above.  You
should file these returns within 30 days from the date of this letter, unless a request for
an extension of time is granted.  File the returns in accordance with their instructions,
and do not send them to this office.  Processing of income tax returns and assessment
of any taxes due will not be delayed because you have filed a petition for declaratory
judgment under Code section 7428.

If you decide to contest this determination under the declaratory judgment provisions of
Code section 7428, a petition to the United States Tax Court, the United States Court of
Claims, or the district court of the United States for the District of Columbia must be filed

within 90 days from the date this determination was mailed to you. Contact the clerk of the appropriate court for rules for filing petitions for declaratory judgment. To secure a petition form from the United States Tax Court, write to the United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217.

We will notify the appropriate State officials of this action, as required by Code section 6104(c). You should contact your state officials if you have any questions about how this determination may affect your state responsibilities and requirements.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter.

Sincerely,

*Charle Fish*

CHARLES FISHER
TEAM MANAGER

Cc: Jack L. McGinnis

**Internal Revenue Service**
Appeals Office
4050 Alpha Road
Suite 517, MC:8000NWSAT
Dallas, TX 75244

**Department of the Treasury**

**Person to Contact:**
Becky A. Griffin
Employee ID Number: 75-08016
Tel:  (972) 308-7496
Fax:  (972) 308-7284

Date: **APR 3 0 2008**

**Refer Reply to:**
AP:FE:DAL:BAG
**In Re:**
EO Examination

FRED C PROCTOR, JR
1520 VICTORIA CHASE
CUMMING GA  30040

**SSN/EIN Number:**
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
**Tax Period(s) Ended:**
12/2002 12/2003

Dear Mr. Proctor:

The agreement we reached has been approved and we will complete our processing of your case.

Since there is no deficiency or overassessment, you do not need to take any further action.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

*Charle Fish*

CHARLES FISHER
TEAM MANAGER

cc: Jack L. McGinnis

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Family Home Providers, Inc.<br>6030 Bethelview Road, Suite 202<br>Cumming, GA 30040 | Internal Revenue Service<br>1111 Constitution Avenue, NW<br>Washington, DC 20224 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Forsyth Co., GA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Shane T. Hamilton
Miller & Chevalier Chartered
655 Fifteenth St., NW, Suite 900
Washington, DC 20005
(202) 626-5873

ATTORNEYS (IF KNOWN)

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Petition pursuant to 26 U.S.C. section 7428 and 28 U.S.C. section 2201 for declaratory judgment that plaintiff is and has been exempt from federal tax.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5/28/08    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.