IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY HOME PROVIDERS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-CV-898 |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Defendant. ) | |

## ANSWER

### First Defense

The Internal Revenue Service is not authorized to sue or be sued *eo nomine*, and therefore, the Court lacks jurisdiction over the person of the Internal Revenue Service. The proper party respondent in this matter is the United States.

### Second Defense

The Internal Revenue Service, by and through its undersigned counsel, hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1. Denies any claim that Family Home Providers, Inc. is a non-profit corporation pursuant to 26 U.S.C. § 501(c)(3). Admits the remainder of the allegations in paragraph 1.

2. Admits the allegations contained in paragraph 2.

3. Paragraph 3 calls for a legal conclusion to which no response is required.

4. Paragraph 4 calls for a legal conclusion to which no response is required.

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. The Internal Revenue Service is currently without information sufficient to admit or deny the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8.

9. Admits the allegations contained in paragraph 9.

10. Lacks sufficient information to admit or deny the allegations contained in paragraph 10.

11. Lacks sufficient information to admit or deny the allegations contained in the first and second sentences of paragraph 11. Admits that plaintiff's Form 990s for tax years 2000 through 2006 disclosed plaintiff's participation in down payment assistance program, but denies that the disclosure was complete or sufficient. Admits that plaintiff received an extension to file its Form 990 for 2007.

12. Admits the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16.

17. Paragraph 17 calls for a legal conclusions to which no response is

required.  To the extent a response is necessary the Internal Revenue service denies the allegations contained in paragraph 17.

    18.    Paragraph 18 calls for a legal conclusions to which no response is required.  To the extent a response is necessary the Internal Revenue service denies the allegations contained in paragraph 18.

Having responded to plaintiff's complaint, the Internal Revenue Service requests that this Court:

    a.    Deny the relief sought in the complaint;

    b.    Dismiss the complaint; and

    c.    Grant such other relief as this Court deems proper.

Date: August 25, 2008.

        Respectfully submitted,

        /s/ Benjamin J. Weir
        BENJAMIN J. WEIR (D.C. Bar No. 494045)
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-0855
        Fax: (202) 514-6866
        benjamin.j.weir@usdoj.gov
        *Counsel for Internal Revenue Service*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on August 25, 2008, I cause a true and correct copy of the foregoing answer to be served upon the following via the Court's ECF filing protocol:

> Shane T. Hamilton
> Miller & Chevalier, Chartered
> 655 Fifteenth St., NW
> Suite 900
> Washington, DC 20005-5701
> Shamilton@milchev.com.


> /s/ Benjamin J. Weir
> BENJAMIN J. WEIR