UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY HOME PROVIDERS, INC.<br>    6030 Bethelview Road<br>    Suite 202<br>    Cumming, GA 30040,<br><br>       Plaintiff,<br><br>       v.<br><br>INTERNAL REVENUE SERVICE<br>    1111 Constitution Avenue, N.W.<br>    Washington, DC 20224,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civ. No. 1:08-CV-898**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CONSENT MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT

Family Home Providers, Inc. ("Plaintiff") respectfully files this consent motion pursuant to Fed.R.Civ.P. 15(a)(2) requesting this Court's leave to file a First Amended Complaint in Civil Action No. 1:08-CV-898. Pursuant to LCvR 7(i) and LCvR 15.1, an original of the proposed pleading is attached to this motion as Exhibit A.

In support of this motion, Plaintiff provides the following concise statement of facts and specific points of law and authority. Fed. R. Civ. P. 15(a)(2) provides that this Court should freely grant leave to amend a pleading when justice so requires. The sole change between the Complaint as originally filed and the proposed amended pleading is the substitution of the United States as Defendant in place of the Internal Revenue Service. Because the actions complained of by Plaintiff were taken by the Internal Revenue Service, the Department of Justice is serving as

counsel for the Internal Revenue Service in this action, and the Internal Revenue Service is an agency of the United States, substituting the United States for the Internal Revenue Service as Defendant in this action does not unduly prejudice the Defendant in this action. Moreover, in this case there has been no undue delay, bad faith or dilatory motive on the part of the Plaintiff. Accordingly, no impediment exists to this Court freely granting Plaintiff's request for leave to amend Plaintiff's complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Atchinson v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996).

As required by LCvR 7(m), on August 25, 2008, counsel for Plaintiff discussed this motion with counsel for Defendant by telephone, who has indicated that he consents to this motion.

* * *

Accordingly, Plaintiff respectfully requests leave to file the attached First Amended Compliant.

Dated:  August 26, 2008

Respectfully submitted,


_____/s/_____

Shane T. Hamilton
D.C. Bar No. 459320

Shane T. Hamilton
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Tel. (202) 626-5873
Fax (202) 626-5801
shamilton@milchev.com

Attorney for Plaintiff

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FAMILY HOME PROVIDERS, INC.**<br>    **6030 Bethelview Road**<br>    **Suite 202**<br>    **Cumming, GA  30040,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**UNITED STATES OF AMERICA**<br><br>        **Defendant.** | **Civ. No. 1:08-CV-898** |

## FIRST AMENDED COMPLAINT

### (Petition for Declaratory Judgment)

Pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201, Plaintiff, Family Home Providers, Inc., hereby petitions the court for a declaratory judgment that it is and has been exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3), and further states as follows:

### Parties

1.      Plaintiff, Family Home Providers, Inc., is a Georgia non-profit corporation. Plaintiff's principal office is at 6030 Bethelview Road, Suite 202, Cumming, Georgia 30040. Plaintiff's taxpayer identification number is 58-2200391.

2.      Defendant is the United States of America.

**Jurisdiction and Venue**

3.      This court has jurisdiction over this matter pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201.

4.      Venue is properly laid in this District pursuant to 26 U.S.C. Section 7428(a).

5.      Plaintiff has exhausted its administrative remedies with the Internal Revenue Service within the meaning of 26 U.S.C. Section 7428(b)(2).

**Statement of Facts**

6.      Plaintiff's By-Laws state that it was organized exclusively for charitable purposes within the meaning of 26 U.S.C. Section 501(c)(3). Plaintiff's Articles of Incorporation state that it will accomplish its charitable purpose by providing housing to low- and moderate-income families through programs sponsored by the United States Department of Housing and Urban Development ("HUD").

7.      Plaintiff submitted Internal Revenue Service Form 1023 (Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code) (Plaintiff's "Application") and subsequently received a determination letter (the "Determination Letter") from Paul M. Harrington, District Director, Internal Revenue Service, 401 West Peachtree Street, NW, Atlanta, Georgia, 30365-0000, dated February 22, 1996, which recognized that Plaintiff is exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3), effective November 1, 1995. A copy of the Determination Letter is attached and marked as Exhibit A.

8.      Plaintiff's Application stated that it would participate in the HUD property revitalization program, which allows non-profit organizations to purchase HUD-owned properties at a discount, such that the non-profit organizations can rehabilitate the properties if

necessary and then resell them to low- and moderate-income families at a reduced price. Plaintiff participated in the HUD property revitalization program until May of 2001.

      9.     Plaintiff received a subsequent letter (the "Subsequent Letter") from Steven T. Miller, Director, Exempt Organizations, Internal Revenue Service, P.O. Box 2508, Cincinnati, Ohio, 45201, dated May 10, 2000, modifying the Determination Letter. The Subsequent Letter stated that Plaintiff's status under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3) remained in effect. The Subsequent Letter also determined that Plaintiff was not a private foundation within the meaning of 26 U.S.C. Section 509(a) because Plaintiff was as an organization of the type described in 26 U.S.C. Section 509(a)(2). A copy of the Subsequent Letter is attached and marked as Exhibit B.

      10.    Plaintiff received a letter (the "HUD Letter") from Gayle Knowlson, Director, Program Support Division, Atlanta Homeownership Center, United States Department of Housing and Urban Development, 75 Spring Street, S.W., Atlanta, Georgia 30303-3388, dated March 1, 1999. The HUD Letter stated that Plaintiff was approved to provide down payment assistance to low- and moderate-income families to purchase homes financed by loans originated by the Federal Housing Administration of HUD (the "FHA") pursuant to the HUD gift fund program (the "Gift Fund Program"). A copy of the HUD Letter is attached and marked as Exhibit C. Plaintiff continues to participate in the Gift Fund Program.

      11.    Plaintiff has complied with all applicable return filing, reporting, and recordkeeping requirements, including the timely filing of Internal Revenue Service Forms 990 (Return of Organization Exempt from Income Tax) for all taxable years. Plaintiff's timely filed Internal Revenue Service Forms 990 (Return of Organization Exempt from Income Tax) for the taxable year 1999 disclosed Plaintiff's participation in the new activity of making grants to

individuals who are qualified by the FHA under FHA guidelines for the down payment on the purchase of a home. Plaintiff's Forms 990 for the taxable years 2000 through 2006 have consistently disclosed Plaintiff's participation in a down payment assistance program. Plaintiff has received an extension of time to file its Form 990 for its 2007 taxable year and intends to do so on or before August 15, 2008.

12.     The Internal Revenue Service performed an examination of Plaintiff's Internal Revenue Service Form 990 (Return of Organization Exempt from Income Tax) for the 2001 taxable year. Plaintiff received a letter (the "No Change Letter") from R.C. Johnson, Director, Exempt Organizations, Internal Revenue Service, TE/GE EO Examinations, 1100 Commerce Street, Dallas, Texas 75242, dated January 6, 2005. The No Change Letter stated that the Internal Revenue Service's examination determined that the Plaintiff continued to qualify as exempt from federal income tax. A copy of the No Change Letter is attached and marked as Exhibit D.

13.     Plaintiff received an examination report (the "Examination Report") from Marsha Ramirez, Director, Exempt Organizations, Internal Revenue Service, TE/GE EO Examinations, 1100 Commerce Street, Dallas, Texas 75242, dated February 21, 2006. The Examination Report proposed revoking Plaintiff's tax-exempt status under 26 U.S.C. Section 501(c)(3).

14.     Plaintiff timely filed an appeal on March 20, 2006, protesting the conclusions of the Examination Report.

15.     Plaintiff received a final adverse determination letter (the "Notice of Revocation") from Charles Fisher, Team Manager, Appeals Office, Internal Revenue Service, 4050 Alpha Road, Suite 517, Dallas, Texas 75244, dated April 30, 2008. A copy of the Notice of Revocation is attached and marked as Exhibit E.

16.    The Notice of Revocation stated that the Plaintiff did not qualify as exempt from federal income tax under 26 U.S.C. Section 501(c)(3) effective November 1, 1995. The Notice of Revocation indicated that Plaintiff was required to file Internal Revenue Service Forms 1120 (U.S. Corporation Income Tax Return) for the taxable years 2004 through 2006.

17.    The Notice of Revocation is erroneous because Plaintiff:  (a) is organized and operated exclusively for charitable purposes including, but not limited to, lessening the burdens of government; (b) no part of Plaintiff's net earnings inures to the benefit of any private shareholder or individual; (c) no substantial part of Plaintiff's activities consists of carrying on propaganda, or otherwise attempting, to influence legislation; and (d) Plaintiff does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

18.    Since November 1, 1995, Plaintiff has and will continue to operate as an organization described in 26 U.S.C. Section 501(c)(3).

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

(a)    issue a declaratory judgment pursuant to 26 U.S.C. Section 7428 and 28 U.S.C. Section 2201 that Plaintiff is and has been exempt from federal income tax under 26 U.S.C. Section 501(a) as an organization described in 26 U.S.C. Section 501(c)(3);

(b)    award Plaintiff its reasonable attorneys fees and costs in bringing this action; and

(c)    award any necessary and further relief as the Court deems just and appropriate.

Respectfully submitted,

Shane T. Hamilton
D.C. Bar No. 459320

Shane T. Hamilton
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
Tel. (202) 626-5873
Fax (202) 626-5801
shamilton@milchev.com

Attorney for Plaintiff

6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FAMILY HOME PROVIDERS, INC.<br>    6030 Bethelview Road<br>    Suite 202<br>    Cumming, GA  30040, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 1:08-CV-898 |
| v. | ) ) | |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) ) | |

### ORDER

On consideration of Plaintiff's Consent Motion for Leave to File a First Amended

Complaint, and good cause having been shown, it is hereby

ORDERED that Plaintiff's Consent Motion for Leave to File a First Amended Complaint

in Civil Action No. 1:08-CV-898 is hereby granted to permit the United States to be substituted

for the Internal Revenue Service as the Defendant in said action; and it is also

ORDERED that the proposed First Amended Complaint submitted with the Plaintiff's

Motion as Exhibit A shall be deemed to be served and filed on the day on which this Order is

entered.

IT IS SO ORDERED.


Dated:  August __, 2008

_____
Paul L. Friedman
United States District Judge